IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE SHERWIN-WILLIAMS COMPANY D/B/A SHERWIN-WILLIAMS AUTOMOTIVE FINISHES 4440 Warrensville Center Rd. Warrensville Heights, OH 44128 | ) ) ) ) ) ) | **CASE NO.** |
| | ) | **JUDGE** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | **COMPLAINT** |
| AUTO BODY RX, LLC D/B/A CHICO'S PAINT AND BODY 3560 Atlanta Highway Montgomery, Alabama 36109, | ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| And | ) ) | |
| BRIAN WELCH 600 Trillium West Pkwy, Eclectic, AL 36024                , | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, The Sherwin-Williams Company d/b/a Sherwin-Williams Automotive Finishes ("Sherwin-Williams" or "Plaintiff"), by and through the undersigned counsel, for its Complaint against Defendants Auto Body RX, LLC d/b/a Chico's Paint and Body (Auto Body RX") and Brian Welch ("Welch") states as follows:

## **NATURE OF THE COMPLAINT**

1.      This action arises from a commercial dispute between Sherwin-Williams and Defendants regarding Defendants' decision to cancel their supply agreement with Sherwin-Williams, discontinue their exclusive purchase and use of Sherwin-Williams automotive paints, coatings, and related products, move to another paint vendor, and fail to pay amounts owed to Sherwin-Williams.

2. In January 2025, Sherwin-Williams and Auto Body RX entered into an agreement pursuant to which Auto Body RX agreed to purchase automotive paints, coatings, and related materials exclusively from Sherwin-Williams, and Sherwin-Williams agreed to extend credit and provide a monetary advance.

3. Sherwin-Williams provided Auto Body RX an advance in the amount of $575,000.00 in exchange for Auto Body RX's agreement to purchase all of its requirements for covered products from Sherwin-Williams during the term of the Supply Agreement.

4. Auto Body RX breached the Supply Agreement by, among other things, cancelling the agreement, moving forward with another paint vendor, failing to comply with its exclusivity obligations, and failing to pay the monetary advance and outstanding account balances due to Sherwin-Williams.

5. Despite demand, Defendants have failed and refused to satisfy their obligations.

6. As a result, Sherwin-Williams asserts claims for breach of contract, breach of guaranty, on account, and unjust enrichment.

## PARTIES

7. Plaintiff Sherwin-Williams is an Ohio corporation with its principal place of business in Warrensville Heights, Ohio.

8. Defendant Auto Body RX, LLC d/b/a Chico's Paint and Body is a limited liability company with an address at 3560 Atlanta Highway, Montgomery, Alabama 36109.

9. Defendant Brian Welch is, upon information and belief, an owner, officer, and/or principal of Auto Body RX, and signed the Supply Agreement on behalf of Auto Body RX as its President.

10. Upon information and belief, Welch is an individual residing in Alabama.

## JURISDICTION AND VENUE

11.     This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

12.     The amount in controversy exceeds $75,000, exclusive of interest and costs, because Sherwin-Williams seeks recovery of, among other things, the $575,000.00 Advance, outstanding accounts receivable, costs and expenses, reasonable attorneys' fees, and all other damages recoverable under the Supply Agreement, Guaranty, and applicable law.

13.     This Court has personal jurisdiction over Defendants because Defendants entered into written agreements with Sherwin-Williams that require any claim, dispute, or litigation arising directly or indirectly in connection with the Supply Agreement and Guaranty to be decided solely and exclusively by a state or federal court located in Cuyahoga County, Ohio.

14.     Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because Defendants agreed that any claim, dispute, or litigation arising directly or indirectly in connection with the Supply Agreement and Guaranty would be decided solely and exclusively by a state or federal court located in Cuyahoga County, Ohio.

## STATEMENT OF THE FACTS

### A. The Supply Agreement

15.     On or about January 29, 2025, Sherwin-Williams and Auto Body RX entered into a Supply Agreement (the "Supply Agreement"). A true and accurate copy of the Supply Agreement is attached as Exhibit A.

16.     In connection with the Supply Agreement, and as a material inducement for Sherwin-Williams to extend credit and provide the Advance, Welch executed a personal guaranty (the "Guaranty"), pursuant to which he unconditionally guaranteed the payment and performance

of Auto Body RX's obligations under the Supply Agreement. A true and accurate copy of the Guaranty is attached as Exhibit B.

17. Pursuant to the Supply Agreement, Auto Body RX agreed to purchase all of its requirements for automotive paints, coatings, associated products, and related products (collectively, "Products") exclusively from Sherwin-Williams during the term of the Supply Agreement.

18. The Supply Agreement covers automotive collision repair and refinish facilities owned and/or operated by Auto Body RX, then-existing or future, including facilities in Montgomery, Elmore, Robertsdale, Daphne, and Mobile, Alabama.

19. The Supply Agreement required Auto Body RX to pay for all Products purchased under the Supply Agreement within twenty days from the date of Sherwin-Williams' statement.

20. In exchange for Auto Body RX's agreement to purchase all of its requirements for Products from Sherwin-Williams during the term of the Supply Agreement, Sherwin-Williams agreed to provide Auto Body RX an advance in the amount of Five Hundred Seventy-Five Thousand Dollars ($575,000.00) (the "Advance").

21. Sherwin-Williams fulfilled its obligations under the Supply Agreement by paying the Advance to Auto Body RX.

22. In addition to the Advance, Sherwin-Williams made substantial initial investments in Auto Body RX's auto body shops, including providing equipment, toners, and support necessary for Auto Body RX to utilize Sherwin-Williams products.

23. The Supply Agreement further provides that, upon the occurrence of certain events (each, an "Acceleration Event"), Auto Body RX is required to repay the applicable amount of the Advance to Sherwin-Williams without notice or demand.

24.     Acceleration Events include, among other things, Auto Body RX's breach of any term or condition of the Supply Agreement, including the exclusive-supplier and payment terms, Auto Body RX or any body shop ceasing or substantially reducing operations or purchases of Products from Sherwin-Williams, and Auto Body RX terminating or attempting to terminate the Supply Agreement.

25.     The Supply Agreement further provides that Auto Body RX is responsible for reimbursing Sherwin-Williams for all costs and expenses, including reasonable attorneys' fees, that Sherwin-Williams incurs in connection with enforcing its rights under the Supply Agreement.

**B. Defendants' Cancellation and Breach**

26.     On March 6, 2026, Welch sent an email to Sherwin-Williams stating, "After much consideration, we have decided to cancel our agreement with Sherwin due to many issues," and that Auto Body RX would be "moving to another paint vendor in April/May of this year." A true and accurate copy of the March 6, 2026 email is attached as Exhibit C.

27.     On March 10, 2026, Sherwin-Williams attempted to address Auto Body RX's stated concerns, including by proposing ACH transfers for rebates, emergency same-day deliveries and/or courier service, published delivery days and cutoffs, named representatives and backups, on-site technical support, product training, equipment recalibration or replacement, and measures to address driver conduct.

28.     Despite Sherwin-Williams' efforts, on March 10, 2026, Welch responded that it was "too late," that Auto Body RX was "moving forward with the switch," and that "wheels are already in motion."

29.     On March 11, 2026, Sherwin-Williams acknowledged Auto Body RX's communication confirming its decision to discontinue its business relationship with Sherwin-Williams and to terminate the existing Supply Agreement.

30.     Auto Body RX's cancellation, decision to move to another paint vendor, termination or attempted termination of the Supply Agreement, and failure to pay amounts owed constituted breaches of the Supply Agreement and Acceleration Events.

31.     On or about March 20, 2026, Sherwin-Williams issued a written demand letter to Welch and Auto Body RX regarding termination of the Supply Agreement. A true and accurate copy of the March 20, 2026 demand letter ("March Demand Letter") is attached as Exhibit D.

32.     The amount owed to Sherwin-Williams is $642,876.90, consisting of the $575,000.00 Advance and $67,876.90 in outstanding accounts receivable.

33.     Despite demand, Defendants have failed and refused to pay the amounts owed to Sherwin-Williams.

## COUNT ONE
### (Breach of Contract)

34.     Sherwin-Williams incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

35.     Sherwin-Williams and Auto Body RX entered into a valid and binding Supply Agreement.

36.     Sherwin-Williams fulfilled its obligations under the Supply Agreement by, among other things, paying the Advance and supplying products, equipment, toners, and related support to Auto Body RX.

37.     Auto Body RX breached the Supply Agreement by, among other things, cancelling the Supply Agreement, moving to another paint vendor, failing to comply with its exclusivity obligations, and failing to pay amounts owed to Sherwin-Williams.

38.     Auto Body RX further breached the Supply Agreement by failing to repay all or a portion of the Advance upon the occurrence of the Acceleration Events.

39. Auto Body RX failed to pay for products sold and delivered, including the outstanding accounts receivable reflected in Sherwin-Williams' records.

40. As a direct and proximate result of Auto Body RX's breaches, Sherwin-Williams has been damaged in an amount to be proven at trial, but no less than $642,876.90, including, without limitation, the Advance and outstanding accounts receivable.

## COUNT TWO
### (Breach of Guaranty)

41. Sherwin-Williams incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

42. Welch executed a valid and binding Guaranty pursuant to which he unconditionally guaranteed Auto Body RX's obligations under the Supply Agreement.

43. Pursuant to the Guaranty, Welch unconditionally guaranteed the prompt and complete payment and performance by Auto Body RX of all obligations owed to Sherwin-Williams under the Supply Agreement and any other agreement or arrangement then or thereafter owing.

44. The Guaranty is an unconditional obligation enforceable before or after proceeding against Auto Body RX, any other guarantor, and/or any collateral securing the obligations.

45. Auto Body RX failed to pay Sherwin-Williams the full amount due and payable under the Supply Agreement, including the Advance and outstanding accounts receivable.

46. Upon Auto Body RX's failure to pay, Welch was required to pay Sherwin-Williams the full amount due and payable under the obligations covered by the Guaranty.

47. Welch failed and refused to pay Sherwin-Williams the full amount due and payable under the Guaranty.

48.     As a direct and proximate result of Welch's breach of the Guaranty, Sherwin-Williams has been damaged in an amount to be proven at trial, but no less than $642,876.90, including, without limitation, the Advance and outstanding accounts receivable.

### COUNT THREE
### (On Account)

49.     Sherwin-Williams incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

50.     Sherwin-Williams sold and delivered goods and materials to Auto Body RX for which Sherwin-Williams has not been paid.

51.     As reflected in Sherwin-Williams' records, Auto Body RX owed at least $67,876.90 in accounts receivable as of the account balance report.

52.     Despite demand, Defendants have failed and refused to pay the outstanding account balance.

53.     Pursuant to the Guaranty, Welch is personally liable for the amounts owed on the account.

54.     Sherwin-Williams is therefore entitled to recover the amounts due on the account, together with all other relief available under law.

### COUNT FOUR
### (Unjust Enrichment)

55.     Sherwin-Williams incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

56.     Sherwin-Williams furnished goods, materials, equipment, toners, support, and the Advance for the use and benefit of Defendants.

57.     Defendants accepted and retained the benefit of those goods, materials, equipment, toners, support, and funds.

58. Defendants have not paid for the benefits received.

59. Defendants have retained those benefits under circumstances where it would be unjust for them to do so without compensating Sherwin-Williams.

60. Thus, in the alternative and to the extent the Supply Agreement or Guaranty does not apply in whole or in part, Sherwin-Williams is entitled to recover the value of the benefits conferred, including, without limitation, the Advance, outstanding accounts receivable, costs and expenses associated with pursuing the sums it is owed, attorneys' fees, the maximum rate of interest allowable by law, and all other sums recoverable by law in an amount to be proven at trial, but no less than $642,876.90.

WHEREFORE, Plaintiff Sherwin-Williams asks that judgment be entered in its favor and against Defendants as follows:

A. An award of compensatory damages in an amount to be proven at trial, but no less than $642,876.90, plus all applicable interest to which Plaintiff is entitled.

B. Reasonable attorneys' fees, costs, and expenses to the extent permitted by the Supply Agreement, Guaranty, and applicable law.

C. Any further relief that this Court deems just and appropriate.

Respectfully submitted,

/s/ Spencer E. Krebs
Clifford Mendelsohn (0074265)
Spencer E. Krebs (0097414)
Emily Grace (0101053)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
Phone: (216) 592-5000Email:
      clifford.mendelsohn@tuckerellis.com
      spencer.krebs@tuckerellis.com
      emily.grace@tuckerellis.com

*Attorneys for Plaintiff The Sherwin-Williams Company d/b/a Sherwin-Williams Automotive Finishes*